[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13521

Non-Argument Calendar

_____

ZACHARY CHANDLER,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-60853-BB

_____

Before JORDAN, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Zachary Chandler, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. A single judge of this Court issued a certificate of appealability as to the following issues:

> (1) Whether Chandler had shown that trial counsel was ineffective for pursuing a defense strategy intended to evoke the jury's sympathy; [1] and
> (2) Whether Chandler was entitled to an evidentiary hearing before the district court.

After review,[2] we affirm.

To succeed on a claim of ineffective assistance of counsel, a movant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.

---

[1] Chandler pleaded guilty just before potential jurors were brought in for *voir dire.* Chandler asserts counsel was ineffective because counsel's defense strategy was to have Chandler wear prison attire in order to garner the jury's sympathy. Chandler argues that without this deficient strategy, there is a reasonable probability he would not have taken a guilty plea and have proceeded to trial.

[2] When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review a district court's denial of an evidentiary hearing for an abuse of discretion. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  Counsel's performance is presumed reasonable, and for a movant to demonstrate that counsel's performance was unreasonable, the movant must establish that no competent counsel would take the same action.  *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*).  Counsel is not incompetent so long as the approach taken could be considered sound strategy.  *Id.* at 1314.  A defendant cannot be compelled to stand trial before a jury while dressed in identifiable prison clothes.  *Estelle v. Williams*, 425 U.S. 501, 512 (1976).

Counsel's proposed strategy of evoking the jury's sympathy was not deficient.  Counsel's initial strategy of conceding guilt on certain charges to lead the jury toward leniency on the remaining charges has been affirmed by this Court.  *See Darden v. United States*, 708 F.3d 1225, 1230 (11th Cir. 2013) (recognizing "when counsel concedes a defendant's guilt as a tactical decision, designed to lead the jury towards leniency on the other charges and to provide a basis for a later argument (to the judge) for a lighter sentence, such a tactical retreat[] is deemed to be effective assistance" (quotation marks omitted)).  Additionally, the Supreme Court has also recognized that counsel's chosen strategy of having Chandler wear prison attire in the hopes of eliciting sympathy from the jury was not an uncommon defense strategy.  *Estelle*, 425 U.S. at 508 (noting "it is not an uncommon defense tactic to produce the

defendant in jail clothes in the hope of eliciting sympathy from the jury"). And the record does not support Chandler's contention that, after deciding it was necessary to proceed to trial on all the charges, his counsel intended to advise the jury that Chandler was guilty of every crime charged in the indictment. Rather, counsel simply informed the court that, after realizing the sentencing exposure of the original plea proposal, Chandler would instead proceed to trial "on everything."

To prove the requisite prejudice under *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of guilty pleas, the defendant must demonstrate there is a reasonable probability that, but for counsel's deficient performance, he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moreover, the defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015) (citation omitted). *Post hoc* assertions from a defendant about how he would have pleaded, but for his attorney's alleged deficiencies, are insufficient to allege an ineffective-assistance-of-counsel claim. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

Even assuming counsel's performance was deficient, Chandler cannot show he was prejudiced by the ineffective performance. The Government intended to present a substantial amount

20-13521                Opinion of the Court                5

of evidence of Chandler's guilt at trial, including: (1) video footage of the eight robberies, (2) testimony from Chandler's stepmother and roommate identifying Chandler as the person in the videos, (3) a firearm that officers found when they arrested Chandler after he attempted to flee from a gas station, and (4) two shirts found during a search of Chandler's residence that were identical to those pictured on video footage from two of the robberies. Additionally, if Chandler chose to proceed to trial, he faced a potential 190-year cumulative sentence. Given the substantial evidence against him and the potential length of his sentence, it would not have been rational to reject the plea bargain to instead choose to proceed to trial. *Diveroli*, 803 F.3d at 1263. Accordingly, regardless of whether his counsel's performance was deficient, Chandler cannot show he was prejudiced by counsel's performance, and, thus, the district court did not err in denying his claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

It follows that the district court did not abuse its discretion by denying Chandler an evidentiary hearing on his claim of ineffective assistance of counsel because the record showed that he was entitled to no relief due to the substantial evidence of his guilt, including video footage from the robberies. *See* 28 U.S.C. § 2255(b) (providing an evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

AFFIRMED.